BENJAMIN B. WAGNER
United States Attorney
DONNA L. CALVERT
Acting Regional Chief Counsel, Region IX
Social Security Administration
LYNN M. HARADA, CSBN 267616
Special Assistant United States Attorney

    160 Spear Street, Suite 800
    San Francisco, California  94105
    Telephone:  (415) 977-8977
    Facsimile:  (415) 744-0134
    E-Mail: Lynn.Harada@ssa.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

**SACRAMENTO DIVISION**

| | |
|---|---|
| JAMES M. WOODY,<br><br>    Plaintiff,<br><br>        v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of<br>Social Security,<br><br>    Defendant. | CIVIL NO. 2:10-CV-02476-CMK<br><br>STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

    IT IS HEREBY STIPULATED, by and between the parties, through their undersigned counsel, that the previously filed Motion for Equal Access to Justice Act Fees is hereby withdrawn.

    IT IS HEREBY STIPULATED, by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of FIVE THOUSAND, NINE-HUNDRED DOLLARS AND ZERO CENTS ($5,900.00). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

    After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant

to *Astrue v. Ratliff*, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA. Payment of the agreed amount shall constitute a complete release from, and bar to, any and all claims that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

Respectfully submitted,

Dated: 4/2/12        By: /s/ *Bess M. Brewer*
                         (As authorized by email on 4/2/12 at 12:10 p.m.)
                         BESS M. BREWER
                         Attorney for Plaintiff

                         BENJAMIN B. WAGNER
                         United States Attorney
                         DONNA L. CALVERT
                         Acting Regional Chief Counsel, Region IX
                         Social Security Administration

Dated: 4/2/12        By: /s/ *Lynn M. Harada*
                         LYNN M. HARADA
                         Special Assistant United States Attorney

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED that Plaintiff shall be awarded attorney fees in the amount of FIVE THOUSAND, NINE-HUNDRED DOLLARS AND ZERO CENTS ($5,900.00), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced Stipulation.

DATED:  April 4, 2012

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE